ROBERT L. BLAND, Judge,
dissenting.
Claimant is a corporation having its principal office and place of business in Bluefield, Mercer county, West Virginia. It was incorporated under the laws of West Virginia in April 1942. It appears from a stipulation of agreed facts that its principal activity is the selling of coal produced by others, most of which is produced in the state of Kentucky and sold by it in and as a part of interstate commerce, only a small ■ quantity of the coal sold by it *71 being sold within the state of West Virginia. When it began business in 1942 it proceeded upon the assumption that since its office was located in West Virginia it was liable to pay business and occupation taxes under the West Virginia statute on all the commisisons which it derived from its sale of coal, both interstate and intrastate, and accordingly made returns and paid taxes on all such commissions until it discovered that it was in error in so doing, and thereupon applied to the tax commissioner of the state of West Virginia for an audit and check. Such audit was made in the latter part of December, 1946. At the time of such audit .commissions received from interstate and intrastate business were segregated and a correct basis of accounting and payment ascertained. The result of the audit disclosed an overpayment of business and occupation taxes paid by claimant to the tax commissioner of $6,875.79. Application thereafter was made to the tax commissioner for a refund of the whole amount of said overpayment. A refund of $2,259.69 was made, but the tax commissioner declined to refund the balance of said amount for the reason that application therefor had not been made within the time prescribed by statute in such case made and provided. To secure an award for the balance of such overpayment of taxes, claimant has invoked the relief of the court of claims and an award has been made to it for the sum of $4,616.10 by a majority of the court. I do not concur in such award for the reason that by virtue of chapter 11, article 1, section 2(a) of the code of West Virginia, it is provided that any taxpayer claiming to be aggrieved through being required to pay any tax into the treasury of this state may, within two years from the date of such payment, and not after, file with the official or department through which the tax was paid, a petition in writing to have refunded to him any such tax, or any part thereof, the payment whereof is claimed by him to have been required unlawfully. This statute was in existence at the time of claimant’s creation and organization as a corporation. It was its duty to take notice of such statute and be governed by its terms and provisions. It *72 was not obliged to pay business and occupation taxes on interstate business under West Virginia statute. The payment which it did make thereon was purely voluntary on its part and not required by the tax commissioner. It made its own returns to the tax commissioner without separating the interstate from the intrastate transactions. It made its own computation of taxes due the state on gross commissions received by it. The tax commissioner had no means of knowing that such returns included both interstate and intrastate business. The money which it paid to the tax commissioner was paid as taxes and upon such payment became public funds. The remedy provided by the statute above cited to obtain a refund of money improperly paid as taxes affords an exclusive remedy. Claimant had an opportunity to pursue that remedy to obtain a refund of the taxes which it had erroneously paid. It neglected to avail itself of the benefit of the only statute in West Virginia, of which I have knowledge, that would entitle it to a refund.
It seems to me that it is unnecessary to cite authorities or enter into any discussion further than to cite the recent case of State v. Penn Oak Oil & Gas, Inc., 128 W. Va. 212; 36 S. E. 2nd. 595, decided November 20, 1945. In point three of the syllabi, our Appellate Court has declared:
“The provisions of Code, 11-14-19, as amended by Chapter 124, Acts of the Legislature, 1939, relating to a refund of the excise tax on gasoline, create the exclusive remedy which may be used to obtain such refund. Any refund provided for therein must be based on an application for the return of a tax theretofore paid.”
In the opinion, Judge Fox says:
“. . . Where a statute imposing a tax provides the taxpayer with a specific remedy against injustices arising thereunder, and the taxpayer fails to avail himself of the remedy so provided, he cannot go outside the statute for other and different remedies. . . .”
*73 In view of this binding author'd v I do 11T see how I could give my consent to making ;m award to I he claimant for the amount sought in this proctvding. Taxpayers cannot sleep on their rights given by sialute. They are expected to be diligent in seeking tlu- relief afforded them by the Legislature. The Legislature lias not, as 1 interpret our court act, invested iho court of claims with power or authority to make an award where a taxpayer has failed to pursue the only remedy afforded by statute to obtain relief. The award made in this case, is against all of the precedents of this court from the lime of its organization hitherto. The cases submitted to this court, under the shortened procedure provision of the court act and cited in the majority opinion are not applicable. Those we-c cases where it clearly appears from the opinions that application had been duly made to the Lax commissioner for refunds, that is; within the time prescribed by statute for doing so, and the tax commissioner for some reason unknown to us failed to make such refund. If the court of claims would ignore all of its precedents in' relation to dealing with refunds xsuch as In the instant cast', and make, refunds as it has done in this case and in the case of the Raleigh County Bunk versus State Tax Commissioner, determined at the present term of this court, it could easily destroy the tax structure of the state-. It is my judgment that it is not only the duty of the court of claims to make, careful and thorough investigation of all claims filed, In;1 to advise the Legislature, so far as it is possible to. do so, with reference to the law7 governing such claims or awards or determinations.
Since the Supreme Court of Appeals has declared that the statute hereinbefore cited affords an exclusive remedy for relief in cases such as the instant claim, I respectfully defer to that court and record my dissent to the action of my colleagues.'